UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>EDWARD STEVENSON,<br><br>       Defendant,<br><br>MASSMUTUAL ASCEND LIFE INSURANCE COMPANY, FORMALLY KNOWN AS GREAT AMERICAN LIFE INSURANCE COMPANY and its successors and assigns,<br><br>       Garnishee. | Misc. No. 23-136<br><br>(Related to Criminal No. 19-252)<br><br><br><br><br><br>ELECTRONICALLY FILED |

## WRIT OF GARNISHMENT

TO: MassMutual Ascend Life Insurance Company
   Formally known as Great American Life Insurance Company
   191 Rosa Parks Street
   P.O. Box 5420
   Cincinnati, OH  45202

An Application for a Writ of Garnishment against the property of Edward T. Stevenson, the Defendant, Social Security Number ███-██-5146, has been filed with this Court. A judgment ("Judgment") has been entered against the Defendant and in favor of the United States at the above number. The total balance due on the Judgment as of February 2, 2023, is $125,716.20.

1. MassMutual Ascend Life Insurance Company, formally known as Great American Life Insurance Company (the "Garnishee") is required by law to answer the Writ in writing, under oath, within ten (10) days of its receipt of this Writ. The Garnishee must file its Answer whether or not it has or will have in its custody, control, or possession any property owned by the Defendant, specifically but not limited to: Great American Life Insurance Company Secure Gain 5 fixed annuity, with Contract Number ██████0464.

2. The Garnishee shall withhold and retain any property on which the Defendant has a substantial non-exempt interest and for which the Garnishee is or may become indebted to the Defendant pending further order of this Court.

3. The Garnishee must file the original written Answer to this Writ within ten (10) days of its receipt of this Writ with the United States District Court at U.S. Clerk of Court, 700 Grant Street, Suite 3110, Pittsburgh, 15219.  Additionally, the Garnishee is required by law to serve copies of its Answer upon Executor of Defendant's Estate, Herbert G. Mitchell, Jr., Esquire, 902 First Street, P.O. Box 310, Hiller, PA 15444, and upon counsel for the United States, Jill Locnikar, Assistant U.S. Attorney, at 700 Grant Street, Suite 4000, Pittsburgh, PA 15219.

4. Under the law, there is property, which is exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order is listed on the attached List of Exemptions.

5. If the Garnishee fails to answer this Writ or withhold property in accordance with this Writ, the United States of America may petition the Court for an order requiring the Garnishee to appear before the Court.  If the Garnishee fails to appear or does appear and fails to show good cause why it failed to comply with this Writ, the Court may enter a judgment against the Garnishee for the value of the Defendant's non-exempt property.  It is unlawful to pay or deliver to the Defendant any item attached by this Writ.

    Brandy S. Lonchena, Esq.
    Clerk, United States District Court

By: _____
    Deputy Clerk

Date: _____

# LIST OF EXEMPTIONS

## MAJOR EXEMPTIONS UNDER FEDERAL LAW

18 U.S.C. §3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

\_\_\_ 1. Wearing apparel and school books. Such items of wearing apparel and such school books as are necessary for the debtor or for members of his or her family.

\_\_\_ 2. Fuel, provisions, furniture, and personal effects. So much of the fuel, provisions, furniture and personal effects in the debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$10,090** in value.

\_\_\_ 3. Books and tools of a trade, business, or profession. So many of the books and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$5,050** in value.

\_\_\_ 4. Unemployment benefits. Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

\_\_\_ 5. Undelivered mail. Mail, addressed to any person, which has not been delivered to the addressee.

\_\_\_ 6. Certain annuity and pension payments. Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. §1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

\_\_\_ 7. Workmen's Compensation. Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

\_\_\_ 8. Judgments for support of minor children. If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

___   9.  Certain service-connected disability payments. Any amount payable to an individual as a service-connected (within the meaning of Section 101(16) of Title 38, United States Code) disability benefit under (A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38, or (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such Title 38.

___   10. Assistance under Job Training Partnership Act. Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. §1501 et seq.) from funds appropriated pursuant to such Act.

___   11. Minimum exemptions for wages, salary, and other income. The exemptions under 26 U.S.C. §6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. §1673, for disposable earnings, automatically apply and do not need to be claimed. The aggregate disposable earnings of any individual for any workweek which is subjected to garnishment may not exceed (1) 25% of his or her disposable earnings for that week, or (2) the amount by which his or her disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.